# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PLAZA BANK, a California Corp., ) | |
| Plaintiff, ) | |
| v. ) | 2:11-cv-130-RCJ-RJJ |
| ) | **ORDER** |
| ALAN GREEN FAMILY TRUST, a Nevada ) trust; ALAN GREEN an individual, ) | |
| Defendants. ) | |

Currently before the Court are Defendants' Response to Order Regarding Appraisal of Properties (#27) and Plaintiff's Motion to Dismiss Counterclaims (#31). The Court heard oral argument on November 8, 2011.

## BACKGROUND

In January 2011, Plaintiff Plaza Bank ("Plaintiff" or the "Bank"), an assignee of SouthwestUSA Bank filed a complaint against Defendants Alan Green Family Trust ("Green Trust" or "Trust") and Alan Green ("Green") (collectively "Defendants") and alleged the following. (Compl. (#1) at 1). The Federal Deposit Insurance Corporation ("FDIC") assigned SouthwestUSA Bank's loan documents to Plaintiff, a California banking corporation. (*Id.* at 2). The Green Trust executed a Credit Agreement and Disclosure with SouthwestUSA whereby SouthwestUSA agreed to loan the Green Trust $400,000. (*Id.*). As security for repayment of the Credit Agreement, the Green Trust executed a Revolving Credit Deed of Trust, Security Agreement and Assignment of Rent ("Deed of Trust") with SouthwestUSA, whereby the Green Trust irrevocably granted all of its rights, title, and interest in real property located at 1900 S. 16th Street, Las Vegas, Nevada (the "Vegas Property"). (*Id.* at 2-3). The

1  Vegas Property declined in value and no longer adequately secured repayment of the amount
2  owed on the Credit Agreement. (*Id.* at 3). On December 25, 2010, the Green Trust defaulted
3  on the Credit Agreement and Deed of Trust (collectively "Loan Agreement") by failing to make
4  the payments due and owing. (*Id.*). The Green Trust owed the Bank an excess of
5  $398,126.77. (*Id.*). On December 3, 2010, the Green Trust transferred real property
6  described as 2122 Golf Links Drive, Prescott, Arizona, and 2201 Resort Way, Prescott,
7  Arizona, from the Green Trust to Green without any reasonable equivalent value to the Green
8  Trust, or any value whatsoever. (*Id.*). On December 16, 2010, the Green Trust transferred
9  real property described as 1608 Coyote Road, Prescott, Arizona, from the Green Trust to a
10 Linda Smith in which all consideration and proceeds were transferred from the Green Trust
11 to Green without any reasonably equivalent value or value whatsoever to the Green Trust.
12 (*Id.*).

13       The complaint alleged three causes of action. In the first cause of action, Plaintiff
14 sought declaratory relief that it was entitled to pursue claims for fraudulent transfer, pursuant
15 to NRS §§ 112.180, 112.190, against Defendants without violating Nevada's one-action rule,
16 NRS § 40.430. (*Id.* at 3-4). In the second cause of action, Plaintiff alleged that the Green
17 Trust had made fraudulent transfers of property in violation of NRS § 112.180 (actual
18 fraudulent transfer). (*Id.* at 4). In the third cause of action, Plaintiff alleged that the Green
19 Trust had made fraudulent transfers of property in violation of NRS § 112.190 (constructive
20 fraudulent transfer). (*Id.*).

21       Plaintiff filed a motion for summary judgment on all causes of action. (Mot. for Summ.
22 J. (#13) at 1). In response, Defendants argued that the transfers did not make the Green Trust
23 insolvent because they had transferred debt out of the Green Trust. (Opp'n to Mot. for Summ.
24 J. (#15) at 10). Green's exhibits demonstrated that the 2122 Golf Links Drive property had
25 $475,000 worth of debt and the 2201 Resort Way property had $325,000 worth of debt.
26 (Green Aff. (#15-1) at 4; Account Statement (#16-5) at 1).

27       On July 26, 2011, this Court issued an order granting in part and denying in part
28 Plaintiff's motion for summary judgment. (Order (#21) at 15). Specifically, the Court granted

summary judgment on Plaintiff's first cause of action in its entirety and third cause of action with respect to the cash sale of the 1608 Coyote property. (*Id.*). The Court denied summary judgment on Plaintiff's second cause of action and preserved that claim for trial. (*Id.* at 13, 15). The Court denied summary judgment on the third cause of action, without prejudice, as to the 2122 Golf Links and 2201 Resort Way properties. (*Id.* at 15). With respect to those two properties, the Court found that because Plaintiff had demonstrated indicia of fraud Defendants had the burden to demonstrate that the Green Trust was solvent at the time of the transfers, was not rendered insolvent after the transfers, and the transfers were supported by fair consideration. (*Id.* at 14-15). The Court gave Defendants 90 days to obtain an appraisal of the two real properties in Green's possession. (*Id.* at 15). At oral argument, the Court told the parties that, after Defendants had submitted an appraisal of the properties, the parties could re-file their motions for summary judgment or, after obtaining the appraisal, Defendants could concede that the two properties had been transferred out of the trust with values that had exceeded the debt.

In the July 2011 order the Court directed Plaintiff to amend its complaint to state whether it was waiving the collateral and asking for judgment on the note or foreclosing on the Vegas Property and seeking a deficiency. (Order (#21) at 12). On August 9, 2011, Plaintiff filed an amended and supplemental complaint. (Amended Compl. (#24)). The amended complaint alleged that, on July 5, 2011, the Green Trust owed Plaintiff a total of $451,890.56, including $398,126.77 in principal, $25,327.41 in accrued but unpaid interest, and $28,436.38 in fees and charges. (*Id.* at 4). On July 5, 2011, Plaintiff completed its foreclosure of the Vegas Property and obtained a credit bid in the amount of $155,970.64. (*Id.* at 3-4). Plaintiff sought a deficiency in the balance due. (*Id.* at 5). Plaintiff's amended causes of action included: (1) breach of the loan documents against the Green Trust; (2) application for deficiency and request for hearing, pursuant to NRS § 40.457, against the Green Trust; (3) actual fraudulent transfer, pursuant to NRS § 112.180, against all Defendants; (4) constructive fraudulent transfer, pursuant to NRS § 112.190(1) against all Defendants; and (5) constructive fraudulent transfer, pursuant to NRS § 112.190(2) against all Defendants. (*Id.* at 5-7).

3

Defendants filed an answer and counterclaimed. (Counterclaims (#25) at 4). The counterclaim alleged the following. (*Id.* at 6). The Bank obtained the rights to the loan agreement with the Trust at a "discount and/or reduced price and/or other reduction" such that the Bank did not invest, purchase, or otherwise obtain the rights to the underlying loan agreement by paying $400,000 as part of the receivership sale of SouthwestUSA Bank to the Bank by the FDIC. (*Id.*). In December 2010, the Bank unilaterally charged off in excess of $240,000 of the approximate $400,000 loan balance for the loan agreement with the Trust, leaving a balance due in excess of $160,000. (*Id.*). In July 2011, Plaza Bank completed the foreclosure sale of the Vegas Property. (*Id.*).

Defendants alleged the following causes of action. (*Id.* at 7). In the first cause of action, Defendants alleged breach of contract against Plaintiff because it had proceeded with the foreclosure despite the fact that it had charged off the underlying loan for a sum in excess of $240,000 and failed to disclose and/or offset any money received from the United States that was applied to the loan agreement. (*Id.* at 7-8). In the second cause of action, Defendants alleged breach of the implied covenant of good faith and fair dealing against Plaintiff for initiating foreclosure despite the charge off of the underlying obligation and/or despite receiving other compensation and satisfaction for the alleged debt at issue. (*Id.* at 8).[1]

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or

---

[1] Defendants voluntarily dismissed their third, fourth, and fifth causes of actions for unjust enrichment, specific performance, and breach of contract based on wrongful foreclosure. (Opp'n to Mot. to Dismiss (#32) at 9; *see also* Counterclaims (#25) at 9-10).

4

referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.

1992).

## DISCUSSION

**I.     Defendants' Response to Order Re: Appraisal of Properties (#27)**

On August 18, 2011, Defendants filed the appraisal on the two properties. (Appraisal (#27) at 1). The final appraisal stated that, as of July 21, 2011, the 2122 Golf Links Drive property was valued at $430,000. (Golf Links Appraisal (#27-1) at 4). The final appraisal also stated that, as of August 2, 2011, the 2201 Resort Way property was valued at $300,000. (Resort Way Appraisal (#27-2) at 4). Defendants argue that, at oral argument, this Court indicated that "if the appraisals showed that the properties were transferred and had no value due to their respective indebtedness, the Court would not find that they were fraudulent transfers by the Defendants." (Request for Hearing (#36) at 2).

In response, Plaintiff files a limited objection to the appraisal. (Limited Objection (#28) at 1). Plaintiff argues that the appraisal is irrelevant to the issue at hand because the appraisal values the two properties as of July and August 2011. (*Id.* at 2-3). Plaintiff asserts that the issue is what the value of the properties were at the time of transfer, i.e. December 2010. (*Id.* at 2). Plaintiff asserts that the property values may have been higher a few months ago and that the value may have exceeded the alleged debt that encumbers the properties. (*Id.*). Plaintiff also contends that the appraisal is hearsay because the appraiser, Ronald Sands, has not been identified as an expert. (*Id.* at 3).

Pursuant to NRS § 112.190, a "transfer made . . . by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made . . . if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer . . . ." Nev. Rev. Stat. § 112.190(1). "Generally, the creditor bears the burden of proof both with respect to the insolvency of the debtor and the inadequacy of consideration." *Sportsco Enter. v. Morris*, 917 P.2d 934, 938 (Nev. 1996). "However, where the creditor establishes the existence of certain indicia or badges of fraud, the burden shifts to the defendant to come forward with rebuttal evidence that a transfer was not made to defraud the

6

creditor." *Id.* "The defendant must show either that the debtor was solvent *at the time of the transfer* and not rendered insolvent thereby or that the transfer was supported by fair consideration." *Id.* (emphasis added).

In this case, Defendants allege that the 2122 Golf Links Drive property is encumbered with $475,000 of debt and that the 2201 Resort Way property is encumbered with $325,000 of debt. If the Court were to consider the values of the properties in July and August 2011, the debt exceeds the value of the properties. However, Plaintiff is correct that the Court looks to the value of the property at the time of the transfer, in this case December 2010. Neither party has come forward with evidence demonstrating that, in December 2010, the values of the properties were either higher or lower than the debt accumulated on the two properties. As such, the Court declines to grant either party summary judgment on the third cause of action with respect to the two remaining properties until one of the parties establishes what the values of the two properties were in December 2010.

## II.     Motion to Dismiss Counterclaims (#31)

The Bank filed a motion to dismiss all counterclaims. (Mot. to Dismiss (#31) at 1). The Bank argues that charging off is an internal banking term that does not affect the Trust's liabilities under the loan. (*Id.* at 8). The Bank also notes that Defendants have not identified any provision in the loan agreement that the Bank allegedly breached. (*Id.* at 8-9). The Bank argues that it has done nothing to deprive the Trust of any benefit that it was entitled to expect under the contract. (*Id.* at 10).

In response, Defendants argue that the Bank breached the loan agreements because the Bank charged off the loan and are attempting to collect on it. (*See* Opp'n to Mot. to Dismiss (#32) at 7-8). Defendants appear to argue that they do not have to repay the loan because of the charge off. (*Id.*). Defendants also assert that the Bank breached the covenant of good faith and fair dealing because it is proceeding with a deficiency claim for a loan that it charged off. (*Id.* at 8).

In reply, the Bank asserts that Defendants' "charge-off" arguments are affirmative defenses and are not causes of actions for breach of contract or breach of the implied

1  covenant of good faith and fair dealing. (Reply to Mot. to Dismiss (#33) at 2).

2      In this case, Defendants fail to state a counterclaim for breach of contract and breach of the implied covenant of good faith and fair dealing. Defendants do not identify any provision in the loan agreements that prevents the Bank from initiating foreclosure proceedings in the event of a default and does not identify any provision in the loan agreements that prevents the Bank from charging off a loan for tax purposes. (*See* Counterclaims (#25) at 7-11). As such, the complaint fails to plead enough facts to state a claim that relief is plausible on its face. Therefore, the Court grants the motion to dismiss the counterclaims.

    Moreover, the Court denies leave to amend because Defendants have not provided any authority which states that when a bank charges off a loan the legal obligation to repay the loan is extinguished. The Ninth Circuit case that Defendants cite to does not support their argument. In *Santa Monica Mountain Park Co. v. United States*, 99 F.2d 450 (9th Cir. 1938), the Ninth Circuit only stated that if a taxpayer considered a debt uncollective for income tax purposes, the taxpayer could not use the same uncollectible debt as assets for tax purposes. *Id.* at 455. The Ninth Circuit did not hold that a charge off extinguished legal liability for the debt. In fact other courts who have addressed this issue have found that a charge off does not extinguish liability for the debt. *See In re Zilka*, 407 B.R. 684, 687 (Bankr. W.D. Pa. 2009) (finding that, as a matter of law, when a lender issues an account statement to its borrower indicating that an outstanding loan balance equals $0.00 because such loan has been charged off, it is not the legal equivalent of forgiving (i.e. discharging liability on) a debt). Accordingly, the Court grants the motion to dismiss counterclaims (#31) without leave to amend.

///
///
///
///
///
///
///

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that in light of Defendants' Response to Order Re: Appraisal of Properties (#27) the Court DECLINES to grant summary judgment on the remaining claims.

IT IS FURTHER ORDERED that the Motion to Dismiss Counterclaims (#31) is GRANTED without leave to amend.

DATED: This 7th day of December, 2011.

_____
United States District Judge