UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PLAZA BANK, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALAN GREEN FAMILY TRUST, a Nevada trust, ALAN GREEN, an individual,<br><br>Defendants. | Case No. 2:11-cv-00130-MMD-RJJ<br><br>ORDER<br><br>(Plf's Motion to Dismiss Remaining Claims – dkt. no. 76; Plf's Emergency Motion for Expedite Ruling on Motion to Dismiss – dkt. no. 81) |

**I.   SUMMARY**

Pending before the Court since November 27, 2012, is Plaintiff Plaza Bank's (1) Motion to Dismiss Remaining Claims Not Decided by the Court and/or Amended and Supplemental Complaint to Remove Such Claims; and (2) For Entry of Final Order and Judgment (dkt. no. 76) ("Plaintiff's Motion").  On December 21, 2012, Defendants filed their Emergency Request for Court Ruling on the Plaintiffs' Remaining Claims and Release Lis Pendens on Defendants' Property to Allow Sale (dkt. no. 81) ("Defendants' Emergency Motion").  For the reasons discussed below, both motions are granted.

**II.   BACKGROUND**

The relevant facts and procedural history are recapped in the Court's previous Orders.

After the Court's October 1, 2012, Order granting Plaintiff's Partial Motion for Summary Judgment, the only claims remaining for trial involve the alleged fraudulent

transfer of two properties, the Golf Link Property and the Resort Way Property ("Remaining Claims"). (Dkt. no. 75.)

On November 27, 2012, Plaintiff moved to dismiss the Remaining Claims and to request entry of final order and judgment. (Dkt. no. 76.) In response, Defendants note that they do not oppose dismissal or the entry of final order and judgment.[1] (Dkt. no. 78.) However, Defendants argue that Plaintiff should be accountable for prosecuting the Remaining Claims and contend they would seek an award of attorneys' fees.

On December 21, 2012, Defendants filed their Emergency Motion seeking an expedited ruling on Plaintiff's Motion to effectuate a pending sale of the Resort Way Property, which is scheduled to close on January 3, 2013. (Dkt. no. 81.) Defendants essentially seek dismissal of the Remaining Claims and removal of the lis pendens filed as a result of this action to permit them to sell the Resort Way Property.

**III.   DISCUSSION**

Defendants do not oppose Plaintiff's request to dismiss the Remaining Claims or to issue final judgment. To the contrary, Defendants have now requested expedited ruling and dismissal of the Remaining Claims and removal of the Lis Pendens to allow the sale of the Resort Way Property to proceed on January 3, 2013. Since Plaintiff's Motion is unopposed and good cause appearing, Plaintiff's Motion is granted. Plaintiff's proposed order and judgment will also be issued.

In addition, Defendants' Emergency Motion is also granted.

**IV.   CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion (dkt. no. 76) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Emergency Motion (dkt. no. 81) is GRANTED.

///

---

[1] Defendants did note that they may seek to challenge the final judgment on appeal.

1      IT IS FURTHER ORDERED that the lis pendens is expunged because there is no
2 claim remaining.

3      The Clerk is directed to close this case.

4

5      DATED THIS 26th day of December 2012.

                                              UNITED STATES DISTRICT JUDGE