1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

9

PLAZA BANK, a California Corporation,

Case No. 2:11-cv-00130-MMD-RJJ

10

Plaintiff,

AMENDED
ORDER

11

v.

(Plf's Motion to Dismiss Remaining Claims
– dkt. no. 76; Plf's Emergency Motion for
Expedite Ruling on Motion to Dismiss –
dkt. no. 81)

12

ALAN GREEN FAMILY TRUST, a Nevada
trust, ALAN GREEN, an individual,

13

14

Defendants.

15

16  **I.    SUMMARY**

17        Pending before the Court since November 27, 2012, is Plaintiff Plaza Bank's (1)

18  Motion to Dismiss Remaining Claims Not Decided by the Court and/or Amended and

19  Supplemental Complaint to Remove Such Claims; and (2) For Entry of Final Order and

20  Judgment (dkt. no. 76) ("Plaintiff's Motion").  On December 21, 2012, Defendants filed

21  their Emergency Request for Court Ruling on the Plaintiffs' Remaining Claims and

22  Release Lis Pendens on Defendants' Property to Allow Sale (dkt. no. 81) ("Defendants'

23  Emergency Motion").  For the reasons discussed below, both motions are granted.

24  **II.   BACKGROUND**

25        The relevant facts and procedural history are recapped in the Court's previous

26  Orders.

27        After the Court's October 1, 2012, Order granting Plaintiff's Partial Motion for

28  Summary Judgment, the only claims remaining for trial involve the alleged fraudulent

1    transfer of two properties, the Golf Link Property and the Resort Way Property
2    ("Remaining Claims").  (Dkt. no. 75.)

3        On November 27, 2012, Plaintiff moved to dismiss the Remaining Claims and to
4    request entry of final order and judgment.  (Dkt. no. 76.)  In response, Defendants note
5    that they do not oppose dismissal or the entry of final order and judgment.[1]  (Dkt. no.
6    78.)  However, Defendants argue that Plaintiff should be accountable for prosecuting the
7    Remaining Claims and contend they would seek an award of attorneys' fees.

8        On December 21, 2012, Defendants filed their Emergency Motion seeking an
9    expedited ruling on Plaintiff's Motion to effectuate a pending sale of the Resort Way
10   Property, which is scheduled to close on January 3, 2013.  (Dkt. no. 81.)  Defendants
11   essentially seek dismissal of the Remaining Claims and removal of the lis pendens filed
12   as a result of this action to permit them to sell the Resort Way Property.

13   **III.    DISCUSSION**

14       Defendants do not oppose Plaintiff's request to dismiss the Remaining Claims or
15   to issue final judgment.  To the contrary, Defendants have now requested expedited
16   ruling and dismissal of the Remaining Claims and removal of the Lis Pendens to allow
17   the sale of the Resort Way Property to proceed on January 3, 2013.  Since Plaintiff's
18   Motion is unopposed and good cause appearing, Plaintiff's Motion is granted.  Plaintiff's
19   proposed order and judgment will also be issued.  To the extent Defendants seek
20   attorneys' fees in response to Plaintiff's Motion (which is procedurally improper),
21   Defendants' request is denied.

22       In addition, Defendants' Emergency Motion is also granted.

23   **IV.    CONCLUSION**

24       IT IS THEREFORE ORDERED that Plaintiff's Motion (dkt. no. 76) is GRANTED.

25       IT IS FURTHER ORDERED that Defendants' Emergency Motion (dkt. no. 81) is
26   GRANTED.

27   _____
28       [1]Defendants did note that they may seek to challenge the final judgment on
     appeal.

1     IT IS FURTHER ORDERED that the lis pendens is expunged because there is no

2 claim remaining.

3     The Clerk is directed to close this case.

4     DATED THIS 26th day of December 2012.

5

6     _____

7     UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28