UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PLAZA BANK, a California corporation,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>ALAN GREEN FAMILY TRUST, a Nevada trust; ALAN GREEN, an individual,<br><br>　　　　　　　　　　Defendants. | Case No. 2:11-cv-00130-MMD-VCF<br><br>ORDER<br><br>(Plf.'s Motion for Attorney Fees – dkt. no. 92) |

**I.   SUMMARY**

Before the Court is Plaintiff's Motion for Attorney Fees. (Dkt. no. 92.) The Court has also considered Defendant's Opposition and Plaintiff's Reply. For the reasons discussed below, the Motion is granted.

**II.   BACKGROUND**

This case is a deficiency action complicated by an alleged fraudulent transfer. The facts are recited in more detail in the Court's Order granting partial summary judgment in favor of Plaintiff. (Dkt. no. 75.) The background facts relevant to the instant motion are recounted below.

On October 1, 2012, this Court granted partial summary judgment in favor of Plaintiff. The Court subsequently granted Plaintiff's motion to voluntarily dismiss the remaining claims and for entry of final order and judgment. Plaintiff then moved for attorneys' fees and costs pursuant to the operative Deed of Trust, which contains an

attorney fees and expenses provision in favor of the Lender.[1]  Defendants do not dispute that the Deed of Trust provides for recovery of reasonable fees and costs.

Plaintiff asks this Court to award attorney's fees in the amount of $63,521.00, and costs in the amount of $374.00 in taxable costs and $4,255.72 in non-taxable costs. Defendants object, claiming these amounts are unreasonable and excessive.

**III.   DISCUSSION**

    **A.   Attorney's Fees**

Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.  Next, the court decides whether to adjust the lodestar calculation based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild*, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  *See Fischer*, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit set forth in *Kerr* are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70.  Factors one through five are subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996).  Further, the sixth factor, whether the fee is fixed or contingent, *may not* be considered in the lodestar

---

[1] The Deed of Trust provides for recovery of reasonable attorneys' fees: "If Lender institutes any suit or action to enforce any of the terms of this Deed of trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal."

2

calculation. *See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987). Finally, only in "rare and exceptional cases" should a court adjust the lodestar figure. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted). *See also Fischer*, 214 F.3d at 1119 n. 4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

### 1. Reasonable Hourly Rate

Courts consider the experience, skill, and reputation of the attorney requesting fees when determining the reasonableness of an hourly rate. *Webb v. Ada County*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community for "similar services by lawyers of reasonably comparable skill, experience and reputation." *See id.*; *see also Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). To inform and assist the court in the exercise of its discretion, "[t]he party seeking an award of fees should submit evidence supporting the . . . rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).

Plaintiff requests reimbursement of attorney's fees at $425.00-$475.00 an hour for Partner time, $275.00-$375.00 for Associate time, and $175.00-$195.00 for Paralegal time. Considering the experience, skill, and reputation of the attorneys requesting fees and the prevailing market rates in the forum, the Court finds $425.00-$475.00 for Partner time to be reasonable. However, the Court finds $275.00-$375.00 for Associate time and $175.00-$195.00 for Paralegal time to be excessive based on the prevailing market rates in the forum. Thus, the Court adjusts the amount to $250.00 for Associate Nicole Lovelock, $325.00 for Associate Shlomo Sherman, and $100.00 for all paralegals.

///

///

## 2.     Reasonable Hours Expended

In addition to evidence supporting the rates claimed, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433; *see also Jordan*, 815 F.2d at 1263. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended'." *Hensley*, 461 U.S. at 433-34 (citation omitted). "In other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors, Inc.*, 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).

On April 18, 2013, pursuant to this Court's minute order, Plaintiff filed an itemized description of the legal services performed. This Court's review of that documentation shows that Associate Sherman spent 5.9 hours on March 8, 9, and 10, 2011, reviewing documents that had already been filed in the case. Coupled with Associate Sherman's affidavit stating that Associate Lovelock is no longer with the firm, the Court finds that this time was spent acquainting Associate Sherman with the case. Thus, those 5.9 hours were not reasonably expended in furtherance of the litigation. The Court adjusts the hours accordingly. The time reasonably spent is:

Partner Matt Saltzman – 0.5 hours

Partner Randolph Howard – 25.3 hours[2]

Associate Nicole Lovelock – 22.6 hours

Associate Shlomo Sherman – 113.7 hours

Paralegals (collectively) – 11.9 hours

///

///

---

[2] 19.90 hours billed at $450.00/hour and 5.40 hours billed at $475.00/hour.

4

### 3.     Lodestar Calculation and *Kerr* Factors

Calculating the reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate," the Court determines the following as the lodestar calculation:

| | | |
|---|---|---|
| Saltzman – 0.5 hours X $425.00/hour | = | $   212.50 |
| Howard – 19.90 hours X $450.00/hour | = | $ 8,955.00 |
| Howard – 5.40 hours X $475.00/hour | = | $ 2,565.00 |
| Lovelock – 22.60 hours X $250.00/hour | = | $ 5,650.00 |
| Sherman – 113.70 hours X $325.00/hour | = | $36,952.50 |
| Paralegals – 11.90 hours X $100.00/hour | = | $ 1,190.00 |
| Total Reasonable Fee | = | $55,525.00 |

The parties do not argue for or against any adjustment based on the *Kerr* factors. This Court's independent review of the provided documentation does not support any adjustment based on those factors. Thus, the Court declines to adjust the lodestar in this case.

### B.     Costs

Plaintiff seeks $374.00 in taxable costs[3] and $4,255.72 in non-taxable costs.[4] Defendants raise no objection to the costs claimed. The Court finds these costs to be reasonable and reimbursable.

## IV.     CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney Fees is GRANTED. The Clerk of the Court is directed to enter judgment in favor of Plaintiff Plaza

---

[3] Set forth in the Bill of Costs filed as dkt. no. 94.

[4] Plaintiff seeks $15.20 for postage, $851.75 for document reproduction, $7.00 for facsimiles, $3,086.78 for computerized legal research, $21.00 for recording fees, $200.00 for courier service, and $73.99 for express mail, totaling $4,255.72 in non-taxable costs.

1  Bank and against Defendants in the amount of $55,525.00 for attorneys' fees, $374.00
2  in taxable costs, and $4,255.72 in non-taxable costs.
3        The Clerk of Court is ORDERED to CLOSE this case.
4
5        DATED THIS 24th day of April 2013.

                                          MIRANDA M. DU
                                          UNITED STATES DISTRICT JUDGE