UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PLAZA BANK, a California Corporation,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>ALAN GREEN FAMILY TRUST, a Nevada trust, ALAN GREEN, an individual,<br><br>　　　　　　　　　　Defendants. | Case No. 2:11-cv-00130-MMD-VCF<br><br>ORDER<br><br>(Plf.'s Motion for Authorization to Register Judgment in the United States District Court for the District of Arizona – dkt. no. 121) |

**I.　SUMMARY**

Before the Court is Plaintiff Plaza Bank's Motion for Authorization to Register Judgment in the United States District Court for the District of Arizona. (Dkt. no. 121.) For the reasons discussed below, the Motion is denied.

**II.　BACKGROUND**

The underlying facts of this case are set out more particularly in the Court's prior Orders. Pertinent to this Motion is that on December 26, 2012, the Court granted Plaintiff Plaza Bank's ("Plaintiff") Motion for Partial Summary Judgment against Defendants Alan Green Family Trust (the "Trust") and Alan Green ("Green") (collectively, "Defendants"). The Court determined that the Trust had fraudulently transferred the sale proceeds of an Arizona property (the "Coyote Road Property") to Green and that, consequently, Green was personally liable for the Trust's deficiency on a loan from Plaintiff. Plaintiff subsequently voluntarily dismissed its remaining claims, and final judgment was enteredagainst Defendants on December 26, 2012. Defendants filed their Notice of Appeal on January 15, 2013.

The instant Motion seeks to register the Court's judgment in the District of Arizona because Plaintiff believes that Defendants' assets, if any, are most likely located in Arizona. Plaintiff's belief is premised on the fact that the Coyote Road Property and two other properties that were the subjects of the dismissed claims (respectively, the "Golf Links Property" and the "Resort Way Property") were all located in Arizona. However, both the Coyote Road and Resort Way Properties have been sold (dkt. nos. 75, 81), and another lender has foreclosed on the Golf Links Property (dkt. no. 124-2). Nonetheless, Plaintiff "believes that any assets that may be available to satisfy the Judgment are likely to be located – either now, or at some point in the future – in the District of Arizona."

## III. DISCUSSION

### A. Legal Standard

Unless a stay is obtained, a prevailing party may seek enforcement of a final order fourteen (14) days after its entry. Fed. R. Civ. P. 62(a). Where an appeal is pending however, that judgment is only enforceable in the district in which it was rendered, unless the judgment is registered in another district pursuant to a court order. 28 U.S.C. § 1963. A court may enter such an order upon a finding of "good cause." *Id.*

"Good cause" is generally demonstrated by a showing that the judgment debtor lacks assets in the judgment forum, but has substantial assets in the registration forum. *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197-98 (9th Cir. 2001). A prevailing party need not conclusively prove the status of the other parties finances as the standard is a "'mere showing' of good cause." *Kowalski v. Mommy Gina Tuna Res.*, CIV. Nos. 05-00679-BMK, 05-00787-BMK, 06-00182-BMK, 2009 WL 1322367, at *1 (D. Haw. May 8, 2009); *see also Branch Banking and Trust Co. v. Maxwell*, No. 8:10-cv-2464-T-23AEP, 2012 WL 3069197 at *2 (M.D. Fla. July 26, 2012); *Hicks v. The Cadle Co.*, No. 04-cv-02616-ZLW-KLM, 2009 WL 189938 at *3 (D. Colo. January 27, 2009). However, where the existence of assets is affirmatively disputed, further inquiry may be necessary. *Kowalski*, 2009 WL 1322367 at *1.

///

**B.     Analysis**

The Court does not find that Plaintiff has demonstrated good cause. Although there is no apparent dispute that Defendants lack sufficient assets in this District, Defendants argue that they no longer hold any assets in Arizona. Consequently, Plaintiff's belief that Defendant *might* have assets in Arizona, "either now, or at some point in the future," is not a sufficient showing of good cause.

Plaintiff's position relies on Defendants' historical holdings of the properties in Arizona that were the subjects of this lawsuit. However, the record establishes that none of those properties remains in Defendants' control. Plaintiff does not challenge the testimony in the record establishing this fact or provide any evidence or argument that Defendants have other real property or substantial personal property in Arizona. Plaintiff therefore cannot demonstrate that Defendants have any, much less substantial, assets in the registration forum.

In its Reply, Plaintiff asserts that any evidentiary insufficiency is due to Defendants' failure to produce the financial information required by the Court's Order Authorizing Examination (dkt. no. 114) and, further, that a mere showing of good cause does not require it to prove Defendants' finances. However, even though Defendants may not have been as forthcoming with information as Plaintiff would have liked, Plaintiff still has the obligation to provide a good faith basis for its belief that assets may presently be found in the registration forum. This good faith basis need not constitute conclusive proof of the existence and location of assets, but Plaintiff must nevertheless provide some basis to support its assertions, especially given that Defendants have affirmatively disputed the existence of assets. Reliance on historical data shown to be outdated and inaccurate is not enough.

Finally, Plaintiff argues that good cause can also be inferred from the Defendants' behavior. Specifically, Plaintiff argues that the very fact that Defendants opposed this Motion suggests both that Defendants have assets — as they incurred the expense of filing the opposition — and that the assets are located in Arizona — as Defendants would

3

suffer no prejudice from registration if no assets existed there. The Court, however, does not agree with Plaintiff's inferences or underlying assumptions.  The Court refuses to adopt a rule where the mere act of opposing a motion for registration constitutes evidence in support of the same motion ─ the phrase "heads I win, tails you lose" comes to mind.  Such a construction is fundamentally unsound because it punishes a party for attempting to protect its own legal rights.  The fact that Defendants filed an opposition is not a demonstration of good cause.

## IV.    CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Plaza Bank's Motion for Authorization to Register Judgment in the United States District Court for the District of Arizona is DENIED.

DATED THIS 15th day of July 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4